IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EMCASCO INSURANCE COMPANY, EMPLOYERS MUTUAL CASUALTY COMPANY, and GREAT AMERICAN INSURANCE COMPANY,<br><br>        Plaintiffs,<br><br>v.<br><br>JAME CARTWRIGHT, as guardian *ad litem* for MATTHEW BARBEE; SHERRIE UTLEY-BARBEE; and DARBY MCBRIDE,<br><br>        Defendants. | 3:20-cv-00953-BR<br><br>OPINION AND ORDER |

**VICKI M. SMITH**
Bodyfelt Mount LLP
319 S.W. Washington St., Ste. 1200
Portland, OR  97204
(503) 243-1022

    Attorneys for Plaintiffs EMCASCO Insurance Company and
    Employers Mutual Casualty Company

**NICHOLAS L. DAZER**
Nicholas L. Dazer P.C.
121 S.W. Morrison St., Ste. 475
Portland, OR  97204
(503) 953-1043

1 – OPINION AND ORDER

**PETER J. WHALEN**
Clyde & Co US LLC
4 Embarcadero Center, Suite 1350
San Francisco, CA  94111
(415) 365-9800

>Attorneys for Plaintiff Great American Insurance Company

**ZACHARY WALKER**
Kell, Alterman & Runstein, LLP
520 S.W. Yamhill St., Ste. 600
Portland, OR  97204
(503) 222-3531

>Attorneys for Defendant James Cartwright, as guardian *ad litem* for Matthew Barbee

**TRAVIS EIVA**
Eiva Law
101 E. Broadway St., Ste. 303
Eugene, OR  97401
(541) 636-7480

>Attorney for Defendant Sherrie Utley-Barbee

**BROWN, Senior Judge.**

This matter comes before the Court on the Rule 12(b)(1) Motion (#8) to Dismiss for lack of subject-matter jurisdiction filed by Defendants James Cartwright, as guardian *ad litem* for Matthew Barbee, and Sherrie Utley-Barbee, his wife (collectively referred to as the Barbees).  The Court concludes the record is sufficiently developed, and, therefore, oral argument is not necessary to resolve the Motion.

2 – OPINION AND ORDER

For the reasons that follow, the Court **DENIES** the Barbees' Motion.

### BACKGROUND

The following facts are taken from the Amended Complaint (#5) filed by Plaintiffs EMCASCO Insurance Company, Employers Mutual Casualty Company, and Great American Insurance Company and from the parties' materials related to the Barbees' Motion.

On December 13, 2017, Defendant Darby McBride attended a Christmas party sponsored by his employer, Beaverton Toyota. Beaverton Toyota is owned by Russ Auto, Inc.  McBride used "drink tickets" provided by his employer to obtain and to drink alcohol at the party.  McBride left the party at approximately 11:00 p.m. and drove a co-worker home.  McBride then went to a tavern where he met up with co-workers and drank more alcohol. McBride left the tavern, drove to a Taco Bell, ordered food, and took a nap for 20-to-40 minutes in the parking lot.  On his way home to Vernonia at approximately 1:20 a.m. on December 14, 2017, McBride was involved in an automobile collision with Matthew Barbee.  At the time of the accident Matthew Barbee, who is a police officer, was in his police vehicle parked alongside Highway 26 near the Cornelius Pass Road exit waiting for a tow

3 - OPINION AND ORDER

service to fix his flat tire.  Matthew Barbee suffered significant injuries as a result of the accident.

Plaintiffs insure Russ Auto, and McBride had personal auto insurance through Nationwide Insurance Company at the time of the accident.

In June 2019 the Barbees filed a personal-injury lawsuit in state court against McBride and Russ Auto.  The Barbees settled their claims against Russ Auto and continue to pursue their claims against McBride in their state-court action.

In April 2020 the Barbees made a demand on Plaintiffs to settle the claims against McBride on the ground that McBride was covered under the Plaintiffs' policies at the time of the accident.  In June 2020 McBride also tendered the Barbees' claims against him to Plaintiffs for defense and indemnification.  Plaintiffs denied the Barbees' demands and also refused to provide a defense or to indemnify McBride.  McBride's personal insurance carrier is currently providing his defense in the Barbees' state-court case.

On June 12, 2020, Plaintiffs filed in this court an action for declaratory judgment as to whether they have a duty to indemnify McBride.

On August 18, 2020, the Barbees filed their Rule 12(b)(1)

4 - OPINION AND ORDER

Motion to Dismiss Plaintiffs' Complaint.  McBride is not a party to this Motion.

## STANDARDS

### I. Motion to Dismiss for Lack of Subject-Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1)

"[F]ederal courts are limited to deciding 'cases' and 'controversies.'"  *Bova v. City of Medford*, 564 F.3d 1093, 1095 (9th Cir. 2009)(quoting United States Const. Art. III, § 2).  "Two components of the Article III case or controversy requirement are standing and ripeness."  *Id.* at 1096 (citing *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009)).  A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests the subject-matter jurisdiction of a federal court.

To satisfy the standing requirement of Article III, a plaintiff must show "'an injury in fact'; 'a causal connection between the injury and the conduct complained of' and a conclusion that it is 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'"  *Arizona Christian Sch. Tuition Org'n v. Winn*, 131 S. Ct. 1426, 1437 (2011)(quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  *See also Spokeo, Inc.*

5 - OPINION AND ORDER

*v. Robins*, 136 S. Ct. 1540, 1547 (2016).  "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  *See also Renee v. Duncan*, 623 F.3d 787, 801 (9th Cir. 2010).

## II.  Declaratory-Judgment Actions

The Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, provides:  "In a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration[.]"  28 U.S.C. § 2201(a).  The Declaratory Judgment Act confers on federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).  S*ee also CAMICO Mut. Ins. Co. v. McCoy Foat & Co., CPAs, P.C.*, No. 3:18-CV-00701-HZ, 2018 WL 4323893, at *2 (D. Or. Sept. 6, 2018)(same).

The "actual controversy" requirement is satisfied when the plaintiff alleges facts showing a substantial controversy between parties with adverse legal interests that is sufficiently immediate to warrant the issuance of declaratory relief.  *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273

(1941). *See also CAMICO Mut. Ins. Co. v. McCoy Foat & Co., CPAS, P.C.*, 2018 WL 4323893, at *2.

## DISCUSSION

The Barbees ask the Court to dismiss this case against them on the ground that Plaintiffs' declaratory-judgment claim does not involve an actual justiciable controversy, and, therefore, this Court lacks subject-matter jurisdiction. The Barbees contend Plaintiffs actually seek to absolve their past refusal to defend or to indemnify McBride. Thus, the Barbees assert Plaintiffs' past conduct may be a breach of Plaintiffs' contractual obligations under their policies for which Defendant McBride may later sue Plaintiffs. The Barbees contend, however, this past conduct does not constitute a "present" controversy, and the coverage issue will only become an actual case or controversy when either McBride chooses to sue Plaintiffs for breach of contract or when the Barbees obtain a verdict against McBride in excess of his personal insurance and pursue garnishment against Plaintiffs pursuant to state law.

Plaintiffs, in turn, contend this is an insurance-coverage action to determine whether they have a current duty to indemnify McBride for any damages awarded against him in the

7 - OPINION AND ORDER

state-court action.  Plaintiffs deny McBride is insured under Russ Auto's policies on the grounds that McBride was not using his vehicle for the business or personal affairs of Russ Auto at the time of the accident; was not performing duties related to Russ Auto's dealer operations at the time of the accident; and was not using a vehicle owned, hired, or borrowed by Russ Auto at the time of the accident.  Plaintiffs, therefore, assert the decision not to defend McBride in the underlying lawsuit is not an issue in this case.

Plaintiffs also assert the Barbees have repeatedly threatened to bring claims against them if Plaintiffs do not indemnify McBride.  Plaintiffs contend, therefore, there is an actionable case or controversy between the parties as to whether McBride is an insured under the policies and whether Plaintiffs have a prospective duty to indemnify McBride as to the Barbees' claims.

The United States Supreme Court in *Maryland Casualty Company v. Pacific Coal & Oil Company* found

> [t]he difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial

8 – OPINION AND ORDER

> controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

312 U.S. 270, 273 (1941). *See also Shell Gulf of Mex., Inc. v. Center for Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014)(quoting *Md. Cas. Co.,* 312 U.S. at 273). The Declaratory Judgment Act "is intended to allow earlier access to federal courts to spare potential defendants from the threat of impending litigation." *Seattle Audubon Soc'y v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 2002).

The Ninth Circuit has held consistently that "a dispute between an insurer and its insured over the duties imposed by an insurance contract satisfied Article III's case and controversy requirement." *GEICO v. Dizol*, 133 F.3d 1220, 1222 n.2 (9th Cir. 1998). This includes when the insurer brings a declaratory-judgment action regarding its duty to indemnify. *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994). *See also Travelers Indemnity Co. of Conn. V. Newlin*, No. 20cv765, 2020 WL 5517591, at *8 (S.D. Cal. Sept. 14, 2020)(same).

As noted, the Barbees assert McBride was an insured for purposes of excess coverage under Plaintiffs' policies, McBride has tendered the claims against him to Plaintiffs for indemnification, and there is not any "present" or "prospective"

9 - OPINION AND ORDER

controversy between the parties sufficient to support declaratory relief.  The Barbees contend Plaintiffs have already breached their contractual obligations to McBride by refusing to provide a defense or indemnification in the state-court case.

The Plaintiffs' position is that this Court should not resolve whether Plaintiffs have breached any contractual obligation owed to McBride, but that this Court should only resolve whether Plaintiffs have an obligation under the policies issued to Russ Auto to indemnify McBride as to the claims that the Barbees assert against McBride in the state-court case.

The Barbees assert "the coverage issue will only become a true case and controversy when either [McBride] chooses to sue [Plaintiffs] for breach of contract or [the Barbees] . . . obtain a verdict against [McBride] in excess of his personal insurance limits and thereafter choose to seek a garnishment against [Plaintiffs]."  Mot. to Dismiss (#8) at 7.  This is precisely the type of issue a declaratory-judgment action seeks to resolve; *i.e.,* to clarify and to settle legal relations and to afford relief from uncertainty, insecurity, and controversy. *See Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984).  *See also Sherman v. Kusch*, No. 1:20-cv-00787, 2020 WL 4587510, at *2 (D. Or. Aug. 10, 2020)(same).

10 - OPINION AND ORDER

On this record the Court concludes there is a substantial controversy between the Barbees and Plaintiffs and that they have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## CONCLUSION

For these reasons, the Court **DENIES** the Rule 12(b)(1) Motion (#8) to Dismiss filed by Defendants James Cartwright, as guardian *ad litem* for Matthew Barbee, and Sherrie Utley-Barbee.

IT IS SO ORDERED.

DATED this 28th day of September, 2020.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge